UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Cassandra Lanners and Weston Lanners,

          Plaintiffs,

v.

State of Minnesota, Kathleen Sheehy, Catherine McEnroe, Melinda Doms, Mynea Ya, Hannah Burton, Joey Glassman, Mai T. Vang, Kyanna Ford, Jennifer Decubellis, Janine Moore, Judge Andrew Small, Jodi Wetland, Rachelle Lowenson Stratton, Maggie Skelton, David Piper, Helen Martin, Kim Cleminson, Windy Ross, Kaysie Bergum, Nikki Fuller, Angela Lamb Onayiga, Elaine Sullivan, Tami Baker Olson, Lori Whittier, Nikki Miller, Christos Jensen, Staci Brean, and Lindsay G. Guthrie,

          Defendants.

Civ. No. 19-2000 (PAM/SER)

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Cassandra Lanners' Motion to Proceed In Forma Pauperis ("IFP"). (Docket No. 4.) For reasons below, the Court remands the case to state court, and denies Plaintiff's Application to Proceed IFP as moot.

**BACKGROUND**

On July 29, 2019, the Court received Plaintiff's Notice of Removal (Docket No. 1), a 12-page affidavit (Docket No. 2), a Motion for Default (Docket No. 3), and the IFP Motion (Docket No. 4). Plaintiffs sought to remove Case No. 27-JV-19-1016 from Hennepin County Juvenile Court for cause, alleging that their due process rights have been

violated. (Docket No. 1-1 at 1, 2.) Further, the Notice states "Defendants, having no agreement with plaintiff, conspired under color of law in a nisi prius de facto quasi court not of record proceeding 'in equity' and not at law and did willfully injure, oppress, defraud and deprived plaintiff their unalienable right of due process, secured by the Bill of Rights, with the intent to proceed unlawfully carrying plaintiff away to jurisdictions unknown." (Id. at 3.) Plaintiff also requests restitution in the amount of $1,000 per Defendant. (Id. at 4.) The 12-page affidavit is a rambling narrative that does not provide more information on why Plaintiffs are seeking removal. (See Docket No. 2.)

**DISCUSSION**

**A.      Standard of Review**

Unless Congress has specified otherwise, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A defendant may remove a state court claim to federal court only if the claim originally could have been filed in federal court." Gore v. Trans World Airlines, 210 F.3d 944, 948 (8th Cir. 2000) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). A defendant wishing to remove a state court case to federal court must do so within 30 days after the defendant is served either with a copy of the initial state court pleadings or with a state court summons. 28 U.S.C. § 1446(b)(1). The party seeking removal has the burden of establishing that removal is appropriate. See e.g. Baker v. Martin Marietta Materials, Inc., 745 F.3d 919, 923-24 (8th Cir. 2014). A removing party may not "inject a federal question

into an otherwise state-law claim and thereby transform the action into one arising under federal law." Id. at 924 (citing Gore v. Trans World Airlines, 210 F.3d 944, 948 (8th Cir. 2000)).

Finally, 28 U.S.C. § 1441(b) empowers the Court to remand all matters not otherwise within its original jurisdiction and, given the present posture of this case, the Court concludes that a remand is warranted.

**B.     Removal**

Plaintiffs' Notice of Removal is difficult to follow. Plaintiffs appear to allege that they are defendants in another court, subject to harmful actions of the Defendants named in this action. The Notice mentions the Fifth and Seventh Amendments, but it does not give concrete details about the nature of the Minnesota State Court proceedings. Because the Minnesota case number—27-JV-19-1016—is a juvenile case number, this Court cannot access public records to determine who the parties are to that case, or if there is still an action pending.

Removal to federal court is not appropriate here for at least two reasons. First, if Plaintiffs in this action are also plaintiffs in state court, they do not have authority to remove the matter, because removal is only available to defendants.

Second, if Plaintiffs are in fact defendants in state court, the pleadings demonstrate that removal is not appropriate for Case No. 27-JV-19-1016. Removal is not based upon diversity jurisdiction, because it appears that Plaintiffs and Defendants are all domiciled in Minnesota and the amount in controversy does not exceed $75,000. The alternative basis

for removal would be federal question jurisdiction, but that is also lacking, because Plaintiffs do not allege that the underlying case involves any question of federal law.

To the extent that Plaintiffs attempt to invoke federal jurisdiction by bootstrapping the state court proceedings to the Fifth and Seventh Amendments, these attempts are unavailing. A removing party cannot insert a federal issue into a case to make removal feasible. Baker, 745 F.3d at 923-34. Plaintiffs have not indicated that their federal concerns have been raised in state court.

**CONCLUSION**

The Court concludes that it lacks jurisdiction to entertain this case as a properly removed civil action. Accordingly, **IT IS HEREBY ORDERED that**:

1. This matter is **REMANDED** to Hennepin County Juvenile Court;

2. Plaintiffs' Motion for Default Judgment (Docket No. 3) is **DENIED as moot**; and

3. Plaintiffs' Application to Proceed IFP (Docket No. 4) is **DENIED as moot**.

Date: August 14, 2019

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge